IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES BRUCE THOMAS,   )
           )
    Petitioner,   )
           )   No. 16-cv-744-JPG
  v.        )
           )
UNITED STATES OF AMERICA,  )
           )
    Respondent.  )

## MEMORANDUM AND ORDER

This matter comes before the Court on a variety of *pro se* motions filed by defendant

Charles Bruce Thomas (Docs. 3, 4 & 6). Thomas filed this *pro se* § 2255 motion seeking to have

his sentence vacated because it was based on the Court's finding him to be career offender under

the sentencing guidelines, and the Supreme Court recently held that language in the Armed Career

Criminal Act, 18 U.S.C. § 924(e), similar to language in the career offender guideline was

unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court

appointed the Federal Public Defender to represent Thomas in connection with his argument.

Apparently, counsel suggested Thomas should withdraw his motion in light of the Supreme

Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), which held that

sentencing guidelines are not subject to constitutional challenges based on vagueness because they

merely guide a court's discretion rather than fix a sentencing range. Since counsel's suggestion to

Thomas to withdraw his motion, the question has arisen whether *Beckles* forecloses vagueness

challenges to sentences imposed prior to *United States v. Booker*, 543 U.S. 220 (2005), when the

sentencing guidelines were mandatory. *See, e.g., Vargas v. United States*, No. 16-2112, 2017 WL

3699225 (2d Cir. May 8, 2017) (granting leave to file a second § 2255 motion because "*Beckles*

did not clearly foreclose the argument that this reasoning is inapplicable to" sentences imposed

before *Booker*).   This issue is currently before the Seventh Circuit Court of Appeals in *Cross v. United States*, No. 17-2282, and likely before a number of other courts as well.   *Cross* has been fully briefed and awaits oral argument.

Thomas asks the Court to discharge the Federal Public Defender, who has expressed to him a position arguably contrary to his argument for a reduction (Doc. 3), and has asked for leave to file an amended § 2255 motion to articulate his argument that *Beckles* does not foreclose a vagueness challenge mandatory guidelines (Doc. 4).   He has also asked for the status of these pending motions (Doc. 6).

The Court hereby:

- **DENIES without prejudice** Thomas's motion to discharge counsel (Doc. 3) and assures Thomas that counsel will file any amended motion necessary that is reasonably supportable by law;

- **DENIES** Thomas's motion for leave to file a *pro se* amended § 2255 motion (Doc. 4) **without prejudice** to counsel's filing an amended motion in the future;

- **GRANTS** Thomas's motion for status (Doc. 6), which was provided in this order. However, the Court warns Thomas that future motions, except a motion to discharge counsel, must be filed through counsel or will be stricken.   Thomas should also consult counsel regarding the status of this case rather than filing a motion for status; and

- **STAYS** this case until the Court of Appeals issues a ruling in *Cross*.

**IT IS SO ORDERED.**
**Dated:   December 27, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
