UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES BRUCE THOMAS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 16-cv-744-JPG

Criminal No 98-cr-40004-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Charles Bruce Thomas's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 11). On February 18, 1999, a jury found Thomas guilty of one count of possessing with intent to distribute crack cocaine m violation of 21 U.S.C. § 841(a)(l). The Court sentenced the petitioner to serve 300 months in prison to run consecutive to a state murder sentence. This sentence was based on the Court's application of the United States Sentencing Guidelines ("U.S.S.G.") as they existed before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), rendered them advisory. Under those mandatory guidelines, the Court found Thomas was a career offender under U.S.S.G. § 4B1.1 (2001). The petitioner appealed his sentence to the United States Court of Appeals for the Seventh Circuit, which on February 7, 2000, affirmed the Court's judgment. The United States Supreme Court denied the petitioner's petition for a writ of *certiorari* on October 30, 2000.

Thomas filed his first § 2255 motion in December 2000, and the Court denied it in September 2002. He appealed the judgment to the Court of Appeals, which denied him a certificate of appealability in April 2003. The Court subsequently dismissed several post-judgment motions as unauthorized subsequent § 2255 motions, and the Court of Appeals denied

certificates of appealability for appeals of those decisions. In May 2016, the Court of Appeals authorized this Court to entertain a successive § 2255 motion from Thomas to challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In his pending amended § 2255 motion, the petitioner argues that he is entitled to relief because, following *Johnson* and *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018), it is apparent that his sentence as a career offender violated his due process rights.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is not plain from the motion and the record of the prior proceedings that the petitioner is entitled to no relief on his amended § 2255 motion. Accordingly, the Court **ORDERS** the Government to file a response to the petitioner's amended § 2255 motion within **THIRTY DAYS** of the date this order is entered. The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case. The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED:  November 15, 2018**

                                                    s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**